NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEVERLY CLARK COLLECTION, LLC,
Nelson Clark, Tax Matters Partner

Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellant.

No.    20-70472

Tax Ct. No. 27538-08

MEMORANDUM*

On Petition for Review of an Order of the
of the United States Tax Court

Argued and Submitted June 7, 2021
Portland, Oregon

Before:  WARDLAW, HURWITZ, Circuit Judges, and BOLTON,** District Judge.

The Commissioner of Internal Revenue appeals the Tax Court's summary

judgment in favor of Beverly Clark Collection, LLC ("Petitioner") on statute-of-

limitations grounds.  We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we

review the Tax Court's grant of summary judgment de novo.  *Sollberger v. Comm'r*,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
**        The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

691 F.3d 1119, 1123 (9th Cir. 2012).  We affirm.

The Tax Court properly granted summary judgment because the Commissioner's Final Partnership Administrative Adjustment of Petitioner's Form 1065 for tax year 2000 was issued outside of the applicable three-year limitations period in 26 U.S.C. § 6501(a).  A six-year limitations period does not apply because Nelson and Beverly Clarks' partial reporting of gain from the transaction at issue was not an "omi[ssion]" under 26 U.S.C. § 6501(e)(1)(A) (2000).  *See Colony, Inc. v. Comm'r*, 357 U.S. 28, 32 (1958) (defining "omit" in predecessor statute as "[t]o leave out or unmentioned; not to insert, include, or name"); *United States v. Home Concrete & Supply, LLC*, 566 U.S. 478, 482 (2012) (elaborating that "'omit' limits [§ 6501(e)(1)(A)]'s scope to situations in which specific receipts or accruals of income are *left out* of the computation of gross income").  We find unpersuasive the Commissioner's attempt to distinguish *Colony, Inc.* and *Home Concrete & Supply, LLC* and also his invitation to rely on out-of-circuit authority predating *Home Concrete & Supply, LLC*.

**AFFIRMED.**